# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROLAND W. KELLEY, | Case No.: 2:22-cv-00307-RFB-DJA |
| Petitioner | |
| v. | Order Dismissing Habeas Petition without Prejudice and Closing Case |
| STATE OF NEVADA, et al., | |
| Respondent | |

Pro se petitioner Roland W. Kelley filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking emergency federal review related to his ongoing state criminal case and pretrial detention (ECF No. 1). But on initial review under the Habeas Rules,[1] the court finds that Kelley's claims are unexhausted and that federal abstention is required, so the petition is dismissed without prejudice.

**Background**[2]

Based on the Eighth Judicial District Court, Clark County's online docket, Kelley was charged in 2016 with numerous counts of sexual assault and lewdness with a child under age fourteen. Case No. C-18-330529-1. It appears that Kelley entered into a guilty plea agreement in *State of Nevada v. Roland Kelley* on December 30, 2021, and was sentenced on February 22, 2022.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The procedural history in this section is derived from the petitioner's allegations as well as his criminal matters in the Eighth Judicial District Court for Clark County ("state district court"). The court takes judicial notice of the online docket records of the state district court, which may be accessed by the public online at: https://www.clarkcountycourts.us.

In his petition for federal habeas relief, he alleges that he has an alibi defense to the state charges, his bail is excessive and he has been subjected to prolonged pretrial detention, and his public defender disclosed attorney-client privileged information to the state district attorney.

**Discussion**

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).

The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based). A claim is not exhausted

unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based. *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

Kelley admits in his petition that he has not sought relief from any Nevada state court, much less appealed to the highest state court, as the exhaustion requirement mandates. This alone bars this court's consideration of his federal habeas petition.

But even if the court assumed that Kelley has exhausted his claims, his petition seeks federal judicial intervention in a pending state criminal proceeding, which is simply not available to him. *Cf. e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980). The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).

The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Injuries are only irreparable if the threat to a petitioner's federally protected rights cannot be eliminated through his defense of the criminal case. *Younger*, 401 U.S. at 46.

This case does not present extraordinary circumstances. The petitioner challenges the merits of the criminal case against him, the amount set for bail, the multiple times his trial was postponed and alleges that his counsel is rendering ineffective assistance (ECF No. 1, pp. 6-8). Defendants in state criminal proceedings routinely allege that state criminal proceedings violate

their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Kelley's situation is no different in substance from that of any criminal defendant facing the potential loss of constitutional rights—including the most fundamental right, to liberty—in a pending criminal prosecution. In addition, it appears that Kelley recently pleaded guilty and was sentenced, which clearly impacts the viability of at least some of his claims, including any allegations that he had an alibi or was held in pretrial detention too long at an excessive rate of bail. He faces no extraordinary or irreparable injuries, so federal abstention is required. It does not appear that dismissal of this action without prejudice will materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice.

**Conclusion**

**IT IS THEREFORE ORDERED** the petition for writ of habeas corpus (ECF No. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to:

- **DIRECT INFORMAL ELECTRONIC SERVICE** upon respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for respondents and sending a notice of electronic filing to his office for the petition (ECF No. 1) and this order. No response is required from respondents other than to respond to any orders of a reviewing court.

- **ENTER FINAL JUDGMENT** dismissing this action and **CLOSE THIS CASE**.

DATED: 9 August 2022.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE